Yes, Ms. Phelps. Thank you, Your Honor. May it please the Court. My name is Jacqueline Phelps for Defendant Appellant Jerry Walker. With the Court's permission, I'd like to reserve That's fine. The starting point for any Section 404 motion is to first correctly identify the statute of conviction. Jerry Walker was sentenced pursuant to 21 U.S.C. 848B. He was not sentenced pursuant to 21 U.S.C. 848A and C. Because the District Court did not properly identify Mr. Walker's statute of conviction, it did not reach the merits of whether the facts of this record merit a reduction pursuant to the First Step Act. The record includes three facts which are not in dispute. First, the government cannot and it does not dispute that at Mr. Walker's original sentencing, it specifically asked the trial court to impose the statutory penalty pursuant to 21 U.S.C. 848B. Second, the government has conceded that this is a mixed substance case and we know from this Court's precedent in United States v. McSwain that a mixed substance case can be First Step Act eligible. And third, regardless of the drug amounts listed in the pre-sentence report, we know from United States v. Shaw that drug amount findings for relevant conduct purposes have no bearing on a defendant's Section 404 eligibility. Despite these agreements, the and that the judge found amounts of drugs make him ineligible for Section 404 relief. How did we get to 848B, looking at the record? At sentencing, the government objected to the pre-sentence report because it did not incorporate the statutory penalty of 848B. The government stated, and I quote, the government points out that the statutory penalty for count two of the superseding indictment continuing criminal enterprise is not accurately stated. Where are you quoting from? Is that the PSR addendum? Yes. Yes, Your Honor. That is in the PSR addendum and it is in the record on appeal. When the trial court addressed that objection at sentencing, the trial court specifically stated, and I quote, that it was going to make the finding that the government asked it to make, end quote. In other words, there is nothing unclear about what happened at sentencing. The government asked the trial court to sentence Mr. Walker pursuant to 848B and the trial court did so. But is that what the trial court did? Did the trial court sentence under the guidelines? Or did it sentence under the mandatory sentencing scheme under 848B? Your Honor, it is our position that the trial court sentenced under 848B. And one of the things that supports that is in the additional addendums to the PSR, the probation office filed a supplement to the original PSR. And in that supplement, the probation office stated, and I'm quoting, the court found that the determination of an exact drug amount is significant as it established a minimum life sentence for count two of the superseding indictment. That would have been true under the guidelines or the statute if 848B had been in play. The mandatory sentence would have been life either way. So we can't really tell if Judge Randa was focused on 848B and made an 848B finding or whether he made a guidelines finding. Yes, Your Honor. Because at that time, the guidelines drove everything. People weren't paying attention to statutory penalties. And that is correct, Your Honor, which obviously does complicate this record. But we do know, and again, the government has not disputed, that it asked the trial court to impose the penalty of 848B. And the trial court's response to that, that it was going to do so. But it would have taken additional findings to sentence under 848B. And those findings do not appear. Judge Randa was never asked to, nor did he make the findings about Mr. Walker being a principal leader, which is an additional finding that needs to be made for the super CCE conviction, as everybody's calling it, as opposed to just the base CCE. Well, we do know that Judge Randa found Mr. Walker to be a leader of the enterprise. Well, that's necessary for sub-AA, right? Yes. And theoretically, at that time, in the conspiracy, which was subsequently vacated. For both. But so that the trial court didn't specifically use the word principal, I don't think precludes the conclusion. So at best, or at the least, we have an ambiguous record. And it just doesn't appear from Judge Randolph's opinion that- Judge Randa. Yes. My apologies. Judge Randa's opinion that, or it appears to us that the government asked the court to impose B, and it did so. Now, the other thing that comes into play is that the current district court's order, denying Mr. Walker relief, stated that he didn't consider 848B because, and I'm quoting from that order, it does not appear that Judge Randa even considered the statutory penalty of 848B. And we know that that's clearly false because Judge Randa obviously considered it because the government asked it to do so. And so- Are we able to go beyond the PSR addendum and look at the full sentencing transcript? Yes, Your Honor. In this case, we have to. Because as the court pointed out, this is a, or as we know, this is a pre-apprendi, pre-Booker case. And so the government even agrees with us that the language of this indictment is not dispositive. We agree on that point. So in a case like this- The reason why I'm asking is because the government presented two pages of the sentencing transcript. And now here on appeal, we have the full sentencing transcript. Yes, Your Honor. But the relevant parts of the, and maybe I don't understand Your Honor's question. The relevant parts- Are we permitted to look at the entire sentencing transcript? Certainly, Your Honor, if we need to. And I think that would certainly be helpful, obviously, in a case like this, where we just don't know. But at the end of the day, the district court declined to consider Mr. Walker's arguments regarding the crack cocaine versus powder cocaine because it incorrectly determined the statute of conviction. And that is similar to one of the issues that occurred in United States versus McSwain. And in that case, this court stated, and I'm quoting, the district court did not undertake a complete review after announcing its erroneous conclusion that McSwain was not legally eligible for relief under the First Step Act. And that's precisely what happened here in Mr. Walker's case. The erroneous finding at the eligibility step meant that Mr. Walker's remaining arguments were left on the table. And to the extent that the government is saying that because the amount of powder cocaine could have independently triggered the mandatory sentence, McSwain foreclosed- Let's go back a little bit to eligibility. If we find that it is incorrect, that it should have been under 848B, that would have taken us, I'm assuming your argument is it would be 848B2A. Yes, Your Honor. And so that takes you to 841B1. And so is it your contention that all of the drug offenses under B1 were modified by the First Step Act? No, Your Honor. It is our contention, and the courts who have addressed the question agree, that B1A or B1-3, the crack portion, was modified by the First Sentencing Act because of that penalty. Is there any suggestion in the record that it was B2A taking us to 841B2-3 that suggests that crack cocaine was the reason that the statutory penalty was raised to a mandatory life? Your Honor, it is not our position that it was solely crack cocaine. It's not our position that it's solely powder cocaine. It's our position that from this record, we just don't know. The jury was not asked to make any special findings, nor did it make any special findings. And the government has already conceded that the references in the indictment to cocaine meant powder or crack and were used interchangeably. But counsel, when we look at the record in terms of what was at trial, what was in the sentencing transcript about crack cocaine, is there any evidence that it was anything more than a detectable amount? Were they proving up amounts of crack cocaine that relate to ranges that were later amended? Well, Your Honor, in this case, again, we just don't know. There's no record in anywhere to any specific amounts of crack cocaine on the face of the indictment. And at this point, the government has asked the court to use the amounts of powder cocaine that were found for relevant conduct. Which this court has forbidden in Shaw. And so it would be our position that the district court should take a second look at this because the court itself seemed to be open to considering Mr. Walker's arguments regarding crack cocaine but just felt as though it couldn't because it misidentified the statute of conviction. And if there are no further questions, I will reserve the remainder of my time. That's fine. Thank you. Ms. Summers. May it please the court, Rachel Summers for the United States. The district court determined that the defendant is not eligible for First Step Act relief because his statute of conviction was Section 848A and because Section 848A isn't a covered offense. This court can affirm for two independent reasons. First, the district court didn't clearly err in determining that the defendant's statute of conviction was Section 848A. And as this court recognized just last week in Cologne, Section 848A isn't a covered offense. Second, even if the district court clearly erred and this court determined that the defendant's statute of conviction was actually Section 848B, the defendant's penalty under that provision would have been triggered by the amount of powder cocaine involved in his offense. And Congress didn't modify the statutory penalty for any powder cocaine offense in the Fair Sentencing Act. And how do we accept? I guess we'd take a look at the sentencing transcript that the government supplemented the record with. And there's an objection made by the government. Judge, the PSR got it wrong. This statutory penalty that the court should be looking at is 848B. The first thing judge does is let's take up this PSR objection regarding statutory penalties. And the government responds that, judge, if you find 150 kilos, going to 841, 300 times, right? If you go, if you find 154 kilograms of cocaine, then the statutory penalty would be life. The sentence, you know, the sentence would be life. How is that not the government's position that the statutory penalty that should be considered is 848B? Well, what matters is not just what the government said at sentencing. And just to add a little bit to what we did say there, it wasn't just enough for the district court to find 150 kilos of cocaine. It would have also needed to make the principal leader finding in order to get both of the requirements and then impose a statute of life under the statute under 848B. But what matters is not ultimately what the government argued, but what the district court did in that case. I just want to be disingenuous as to what the government is arguing now versus what the record demonstrates it was arguing then. So I do appreciate the distinction as to what the district court needed to find. What I'm asking is, what was the government's position? Yeah, at the time, the government's position was that the defendant was the principal leader. This enterprise involved 150 kilos or more so that the district court could have made that finding. And if it had made that finding, then it could have sentenced the defendant to life under the statute. So we haven't changed our position there. But the question here in determining whether the defendant is- If the argument that you're making today is that, yes, they presented that he was a leader that you should consider 848B, is it your contention that the district court never made that finding? Exactly. So when we look at this sentencing transcript, we don't see at any point the district court making the specific principal leader finding that he would have been required to make under Section 848B1. And so that's why, recognizing that we do have some ambiguity in this transcript, when we look at it, we see that he's not making that affirmative finding. And then when he imposes the sentence, this is now at page 168- We're talking about the guidelines. So the argument that you're making is that this record is ambiguous. And so because it's ambiguous as to whether or not there was an 848B finding, then there cannot be clear error. Right. We think that the district court now in the first sentencing posture didn't clearly err looking at this whole record where we have the indictment that's pointing us towards 848A. We have the first page of the PSR that's pointing us to 848A. Then we get to this ambiguous sentencing transcript that we're talking about now. And we ultimately think that that ambiguity tilts in our favor. Because if, in fact, the district court was making a finding under the statute- I don't know if I agree with the contention that the indictment suggested 848A when it only pointed to when it is the government who was explaining to the district judge at sentencing what the indictment- what the statutory penalties are pointing to in the indictment. All we mean to say on the indictment there, and Judge Rando- excuse me, Judge Stattmuller in the first setback posture walks through this, that we see that the indictment is precisely tracking the statutory text of Section 848A. And it doesn't reference the additional requirements under B. That's all we mean to say there. So we think that when the district court now in the first setback posture is looking at this whole record, and we have the indictment and the PSR, the sentencing transcript, as well as the parties' post-trial litigating positions. I mean, for the past decade, the defendant has argued and the government has agreed that his statute of conviction was Section 848A. In light of all of that, the district court didn't err, much less clearly err, in determining that, in fact, that his statute of conviction was Section 848A. But even if the panel were to disagree with us there, even if, in fact, he were sentenced under Section 848B, the government would still prevail. And that's because this was a powder cocaine offense. And so even if we were in 848B land, the defendant would have crossed the 300 times threshold that Your Honor was referencing earlier under 848B2A with powder cocaine, not crack cocaine. And we know that for several reasons that are also in the record. So we can start with the PSR. PSR paragraph 54 mentions powder cocaine. There's an initial finding there as to how much cocaine can be attributed to the defendant. And their probation says initially it's 300 to 400 kilograms of powder cocaine. The defendant doesn't object. No one objects to that characterization of the cocaine. Of course, there's a lot of discussion that follows about how much cocaine exactly we're talking about. But no one ever disagrees that what we're talking about is powder. Would the government suggest that we should use a modified categorical approach? We don't think that this court needs to import modified categorical approach here. I mean, one thing we would say is when district courts do apply the modified categorical approach to determine a defendant's statute of conviction, that is subject to clear error review. Courts have held that. And so I guess similarly here, the parallel would be that you would apply clear error to the district court's determination as to Section 848A and not B. And if we get to 848B, would we be able to do it simply by using the categorical approach? I think if this court got to Section 848B, it should just look to the indications in the record that what we're talking about is powder and not crack. So it should first look to the PSR, paragraph 54. Then it should look at throughout the PSR, throughout sentencing, what everyone is talking about, that 150 kilogram number, is a powder cocaine threshold. So that's a dead giveaway that what we're talking about is powder and not crack. Then at sentencing, no one is talking about crack cocaine at all. There's no finding that the district court makes as to any particular amount of crack cocaine. No one asked it to make that finding. And ultimately, the largest amount of crack cocaine that anyone has managed to point to, and this is to your Honor's point from just a few minutes ago, is such a trivial amount of crack cocaine that it never would have been enough to trigger the penalties under Section 848B. And the reason we can look to all of these sentencing documents is what? Because 848B is divisible? And so the modified categorical approach applies? So I guess you could make that parallel again, that 848B is divisible by drug type. So there you would need to determine drug type and quantity to determine the offense. And so that's why, for example, the government has taken the position that 848B2A offenses involving crack cocaine would be covered, but those involving powder, like what we have here, are not. Are those analytical hoops necessary under Shaw? We do think under Terry and Colon most recently that it's necessary to determine what exactly the drug type is. You can't just look at 848B2A. But all of the relevant analytical hoops were not jumped through in all of those cases to situate this within the Supreme Court's categorical approach case law, which makes everybody's head explode anyway. But yeah, I mean, we think that this court can just look at Terry. Terry tells us we have to look at the defendant's statute of conviction. So even if we are now in 848B land, we have to start with 848B. But of course, that's too high a level of generality. We still don't know what exactly we're talking about. So then we get to 848B2A, and that's still not enough because drug type and quantity are an element. Terry makes the same point for 841, so we think we can import it to 848. And then you determine what drug type and quantity we're talking about to multiply by the 300 times requirement that we're seeing in 848. Where do we go to get that information? What information? Where do we go to get the information of type and quantity if it's not in the indictment? Yeah. So here, it depends on the count that we're talking about. With respect to count 2, which is this continuing criminal enterprise, actually the particular drug quantity didn't matter. So this was under 848A. We had all of the different predicates under there, counts 1, 3, through 10. Counts 8, 9, and 10 were the only ones where in the PSR we see some particular finding as to that amount. But actually, the defendant was sentenced for those predicates under 841B1C, which doesn't require drug type or quantity to trigger that penalty. So that's why, when we're looking at this record, we're not seeing anyone make a finding with respect to any amount of crack cocaine because the district court didn't need to do that at sentencing. And so this court really doesn't need to do it here. Of course, Judge Staten Mueller, in footnote 12 of his decision, did make a finding with the largest amount of crack cocaine that we could possibly point to to show us that it's nowhere near what we would need to get over the threshold. So we know that we're talking about powder. But we think that this court really doesn't need to get into the powder, crack, all these different amounts. It can just conclude that the district court didn't clearly err in determining that the defendant's statute of conviction with Section 848A cite to Cologne and be done with this appeal. And if the court has no further questions, we'd ask that you affirm. Thank you. Ms. Phelps. Your Honor, the only way that the government prevails is for this court to create a new ruling that is completely divergent to its existing precedent. The court has not and cannot distinguish this case from McSwain, and it has not given any reason why the holding of Shaw should not apply here. The only thing required for remand is for the court to simply apply its own precedent. And for those reasons, we would ask that the court remand the case to allow the district court to conduct a complete review on the merits. Thank you. Our thanks to all counsel. The case is taken under advisement.